IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA M. BUSH | * |
|     Petitioner, | * |
| v. | *   CIVIL ACTION NO. AW-11-965 |
| | * |
| GINNY VAN BUREN | * |
|     Respondent. | * |

## **MEMORANDUM**

On April 13, 2011, Barbara M. Bush ("Bush") filed this Petition for writ of habeas corpus. The Petition is not a model of clarity and even when generously construed, the court finds that Bush has failed to articulate cogent grounds for relief. Bush notes that she has had no trial, was never found guilty, and has not been convicted. ECF No. 1. Multiple attachments to the Petition include her request for appointment of counsel in the United States District Court for the Northern District of Texas in which she seemingly challenges her transfer to Texas under 18 U.S.C. § 3552(b) (psychiatric or psychological examination); her "appeal to the U.S. Supreme Court of the denial of her petition for habeas corpus relief in the Texas federal district court; and a "criminal petition" challenging an "alleged" conviction she claims does not exist. Because she appears indigent, her request to proceed *in forma pauperis* shall be granted. Her action shall be dismissed.

The following information, culled from the court's criminal docket, illustrate the current posture of Bush's criminal proceedings. On April 27, 2006, a criminal complaint was filed charging Bush with two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). An indictment charging the same was entered on May 8, 2006. Bush has four times received the appointment of CJA counsel and was ordered to undergo a psychiatric examination by joint motion. According to the criminal docket Bush was conditionally released from pre-trial detention in November of 2007. The government's motion to permit forcible medication was granted and on April 16, 2008, an opinion was issued

finding plaintiff mentally incompetent to stand trial and ordering her committed into the custody of the United States Attorney General for hospitalization and treatment. *See United States v. Bush*, Criminal No. L-06-0202 at ECF No. 97. That judgment, however, was vacated and remanded to this court for further proceedings on October 29, 2009. *Id*. at ECF No. 129. At present the parties are subject to a revised discovery and briefing schedule with regard to preliminary issues concerning Bush's competency and the forced administration of medication.

Bush's Petition shall not proceed for an answer. To the extent that she wishes to challenge her underlying federal criminal charges, she is ably represented by defense counsel, who may raise any and all possible defenses through motions practice.[1] For the aforementioned reasons, the Petition will be dismissed.

Date: April 27, 2011

/s/
Alexander Williams, Jr.
United States District Judge

---

[1] Individuals who are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a [28 U.S.C. § 2255] motion to vacate sentence...." *Id*. at 1194. Absent extraordinary circumstances, however, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1994); *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes the premature consideration of a § 2255 motion absent extraordinary circumstances. *See Trapani v. Henan*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Davis*, 604 F.2d at 484. To the extent that Bush is seeking to attack her underlying federal charges, the court shall not construe the instant action as a motion to vacate filed pursuant to 28 U.S.C. § 2255.